UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JO SILVA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>    Defendant. | No. 2:17-cv-1752 DB<br><br><br>ORDER |

This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[2] (ECF No. 26.) Plaintiff brought this action seeking judicial review of a final administrative decision denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. On March 18, 2019, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

by defendant, the undersigned granted plaintiff's motion, reversed the decision of the Commissioner, and remanded this action for the immediate award of benefits. (ECF No. 24.) On June 17, 2019, plaintiff filed a motion for attorney's fees. (ECF No. 26.) Defendant filed an opposition on July 9, 2019. (ECF No. 27.)

**STANDARDS**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

////

////

**ANALYSIS**

Here, the court finds that plaintiff is the prevailing party, that plaintiff did not unduly delay this litigation, and that plaintiff's net worth did not exceed two million dollars when this action was filed. (ECF No. 3.) Moreover, as explained below, the court finds that the position of the United States was not substantially justified.

**A.    Substantial Justification**

"Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014) (quoting Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Meier, 727 F.3d at 870 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "'[T]he position of the United States includes both the government's litigation position and the underlying agency action.'" Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013) (quoting Meier, 727 F.3d at 870); see also Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008) ("the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified"). "In determining whether a party is eligible for fees under EAJA, the district court must determine whether the government's position regarding the specific issue on which the district court based its remand was 'substantially justified'—not whether the ALJ would ultimately deny disability benefits." Gardner v. Berryhill, 856 F.3d 652, 656 (9th Cir. 2017).

Here, defendant argues—in a vague and conclusory manner—that although the court "did not agree with the ALJ's decision . . . . under proper application of the EAJA analysis" the government's position was substantially justified. (Def.'s Opp.'n (ECF No. 27) at 3.) Defendant fails to offer any further argument or analysis in support of this mere assertion. Moreover, to say that the court "did not agree with the ALJ's decision" understates the degree to which the ALJ's decision was replete with legal errors.

In this regard, the ALJ twice erred at step two of the sequential evaluation by failing to find that plaintiff's heart condition and obesity were severe impairments. (ECF No. 24 at 8.) The

3

ALJ then erroneously rejected the opinions of a treating and examining physician. (Id. at 11-13.) The ALJ also rejected plaintiff's subjective testimony based on analysis that failed "to even approach a clear and convincing reason[.]" (Id. at 15.) Finally, the ALJ's hypothetical question to the Vocational Expert and Residual Functional Capacity determination were also erroneous. (Id. at 15-17.)

Under these circumstances, the court cannot find that the government's position was substantially justified. See Tacas v. Astrue, No. CIV 09-2144 EFB, 2011 WL 5984007, at *2 (E.D. Cal. Nov. 29, 2011) (citing Gutierrez, 274 F.3d at 1259-60) ("when the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified.").

**B.     Plaintiff's Fee Request**

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[3] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins, 154 F.3d at 987. Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, after drafting a thorough motion for summary judgment and reply brief, plaintiff successfully obtained a remand for the immediate award of benefits. Including the time spent on briefing the EAJA motion, plaintiff's motion seeks compensation for 75.45 hours of attorney and paralegal time. (ECF No. 26-2 at 6.) The court finds the hours expended to be reasonable,

---

[3] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested attorney rate is equal to, or lower than, the statutory maximum rates established by the Ninth Circuit. (ECF No. 26-2.)

especially when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court, the fact that some of the hours were expended by a paralegal billing at a reduced rate, and the numerous errors committed by the ALJ. See Clark v. Colvin, No. 2:14-CV-0851 DB, 2016 WL 4179803, at *4 (E.D. Cal. Aug. 8, 2016) (finding 67.25 hours to be a reasonable amount of time); Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); see also Costa v. Commissioner of Social Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases."). See generally Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

Accordingly, after carefully reviewing the record and the pending motion, the court declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Commissioner, I.N.S. v. Jean, 496 U.S. 154, 161-62 (1990) ("the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items"); Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Duran v. Colvin, No. 2:11-cv-2978 DAD, 2013 WL 5673415, at *2 (E.D. Cal. Oct. 17, 2013).

However, plaintiff is seeking compensation for 15.55 hours of paralegal time at a rate of $130 per hour. (ECF No. 26-2.) "[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." Richlin Sec. Service Co. v. Chertoff, 553 U.S. 571, 590 (2008). "The court finds that the prevailing market rate for work performed by paralegals in this district is $100 per hour." Lara v. Berryhill, No. 2:16-cv-0034 DB, 2017 WL 4679989, at *3 (E.D. Cal. Oct. 18, 2017); see also Dittmar v. Berryhill, No. 2:15-cv-1630 DB, 2017 WL 4277590, at *3 (E.D. Cal. Sept. 27, 2017) (same);

Pointer v. Bank of America, N.A., No. 2:14-cv-0525 KJM CKD, 2016 WL 7404759, at *17 (E.D. Cal. Dec. 21, 2016) (finding reasonable rate of $75 per hour for paralegals); McCarty v. Humphrey, No. 2:13-cv-0431 KJM AC, 2016 WL 4899194, at *5 (E.D. Cal. Sept. 15, 2016) (awarding paralegal rates of $85 and $100 per hour); Joe Hand Promotions, Inc. v. Albright, No. CIV. 2:11-2260 WBS CMK, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 13, 2013) ("According to the court's own research, the paralegal rate favored in this district is $75 per hour.").

Accordingly, plaintiff's fee award will be reduced by $466.50 (15.55 hours x $30).

**C. Fee Award**

Defendant argues that the fee award must be made payable to plaintiff. (Def.'s Opp.'n (ECF No. 27 at 7-9.) An attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Accordingly, the Court will incorporate such a provision in this order.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 26) is granted;

2. Plaintiff is awarded $11,553.12 in attorney fees under 28 U.S.C. § 2412(d); and

////

////

////

3. Defendant is directed to determine whether plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall cause payment of fees to be made directly to plaintiff.

Dated: October 29, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\silva1752.eaja.ord